# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ALFRED A. JOHNSON SR., | : | Case No. 1:24-cv-174 |
| Plaintiff, | : | |
| | : | District Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| OFC. T. MANNS, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff Alfred A. Johnson Sr. recently submitted a civil rights complaint to this Court.[1] He has also filed two Applications to proceed in the case *in forma pauperis* and without prepaying the filing fees. (ECF Nos. 1, 9). For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Applications and **ORDER** Plaintiff to pay the required filing fees.

Plaintiff Johnson is a prisoner in the custody of the State of Ohio. (ECF No. 9, PageID 68). As a prisoner, he is subject to the requirements and restrictions of the Prison Litigation Reform Act of 1995, or PLRA. 28 U.S.C. § 1915(a)-(h). One restriction is the PLRA's so-called "three strikes" provision, which limits a prisoner's ability to proceed *in forma pauperis* in federal court. It states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

---

[1] The case was initially opened as Case No. 3:24-cv-1368 in the Court's Eastern Division. It was transferred to the Western Division and is currently proceeding as Case No. 1:24-cv-174. (*See* Order of Transfer, ECF No. 4).

> or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff Johnson has accumulated at least three such dismissals, or "strikes." His strikes include the following cases:

1. *Johnson v. Taco Bell Corp. California*, No. 3:22-cv-2319, 2023 WL 166008 (N.D. Ohio Jan. 12, 2023) (summarily dismissing personal injury case—alleging Plaintiff found a foreign object in a taco in 2019—as without merit).[2]

2. *Johnson v. Taco Bell Corp.*, No. 23-3119 (6th Cir. Nov. 27, 2023 & Jan. 11, 2024) (dismissing appeal for failure to prosecute after denying a motion to proceed *in forma pauperis* because the "appeal lacks an arguable basis in law. [Plaintiff's] pleadings are devoid of factual allegations that establish federal subject-matter jurisdiction, and [he] admitted that he already unsuccessfully litigated the same claim in state court.").[3]

---

[2] Plaintiff's case against Taco Bell was "screened" by the District Court for the Northern District of Ohio and summarily dismissed. Although it was screened for merit under a previous sanction order, *see Johnson v. Management Training Corp.,* No. 3:22-cv-1482 (N.D. Ohio Oct. 6, 2022), the case would have been subject to dismissal under 28 U.S.C. § 1915 for the reasons the Sixth Circuit articulated when Plaintiff appealed. *See* Strike #2. *See also generally Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 497 (6th Cir. 2012) ("The plaintiff bears the burden of persuading the court that a case is not a strike, and therefore, he must prove that the claim would not have later been dismissed under § 1915(g). A failure on plaintiff's part to prove this would result in the action counting as a strike."); *Cohen v. Corr. Corp. of Am.*, 439 F. App'x 489, 492 (6th Cir. 2011) ("a dismissal where the plaintiff frivolously sought federal jurisdiction can constitute a strike").

Another case filed around the same time was also summarily dismissed as without merit. *See Johnson v. City of Upper Sandusky*, No. 3:22-cv-2320 (N.D. Ohio Jan. 23, 2023), *appeal dism.,* No. 23-3134 (6th Cir. June 5, 2023). This dismissal *may* constitute a strike but is not included in this list because the reasons for dismissal are less clear. The appeal of the dismissal is not included as a strike here because the Sixth Circuit did not address whether the appeal was frivolous.

[3] This appeal counts as a separate strike. *See Heid v. Aderhold*, No. 2:20-cv-901, 2020 WL 4673217, at *3 (S.D. Ohio Aug. 12, 2020) (citing *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 433 (D.C. Cir. 2007)) ("Where…an appeal is formally dismissed for want of prosecution, this dismissal counts as a strike if the court of appeals previously denied a motion to proceed *in forma pauperis* in that case on the basis that the appeal was frivolous."). An appeal is frivolous if it lacks an arguable basis in law or fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), as the Sixth Circuit concluded in this appeal.

2

3. *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 6065130 (S.D. Ohio Sept. 18, 2023) (dismissing case after PLRA screening and identifying the case as a strike), *appeal pending*, No. 23-3810.[4]

4. *Johnson v. Chambers-Smith*, No. 1:23-cv-432, 2023 WL 6383096 (S.D. Ohio Sept. 29, 2023) (dismissing case after PLRA screening), *appeal pending*, No. 23-3891.

Upon review of these records, the undersigned concludes that Plaintiff has accumulated at least three "strikes" within the meaning of the PLRA.[5] 28 U.S.C. § 1915(g).

Notably, Plaintiff did not disclose the fact that he has three strikes—or identify any strikes at all—in his Applications to proceed *in forma pauperis*. (ECF Nos. 1, 9). Plaintiff used an incorrect form for his First Application. (ECF No. 1; *see also* Deficiency Order, ECF No. 6). The form did not ask for, and Plaintiff did not disclose, any strikes in the First Application. (*See* ECF No. 1). The undersigned ordered him to complete the proper form, specifically referencing the three-strikes provision of the PLRA. (Deficiency Order, ECF No. 6, PageID 60). In his Second Application to proceed *in forma pauperis*, Plaintiff indicated that he had <u>not</u> had three or more actions dismissed on the grounds that it was frivolous, malicious, or failed to state a claim; and he listed no dismissals in the provided space. (*See* ECF No. 9, PageID 70). Plaintiff signed the Second Application on April 22, 2024, under penalty of perjury. (*Id*.).

This Court has warned Plaintiff about the PLRA's three-strike provision more than once. *See, e.g., Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *28 (S.D. Ohio Mar. 17, 2023), *report and recommendation adopted*, 2023 WL 6065130 (S.D. Ohio Sept. 18,

---

[4] This case (and the next one) count as strikes even though they are currently pending on appeal. *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.").

[5] The pending appeals may constitute additional strikes if they are dismissed. There may be other strikes of which the undersigned is not immediately aware.

3

2023) (recommending that the Court issue a strike warning); *Johnson v. Chambers-Smith*, No. 1:23-cv-432, 2023 WL 4664831, at *7 (S.D. Ohio July 20, 2023), *report and recommendation adopted*, 2023 WL 6383096 (S.D. Ohio Sept. 29, 2023) (explaining that an additional case could be considered a "strike" under the PLRA if dismissed on screening). In Plaintiff's most recent case in this Court, Case No. 1:23-cv-432, another Magistrate Judge of this Court clearly explained to Plaintiff that:

> It does not appear that—as of the date of this writing—Plaintiff has accumulated three such dismissals, or "strikes," under 28 U.S.C. § 1915(g). At least two of Plaintiff's previous cases[6] appear to fit within the statutory description:
>
>> 1. *Johnson v. Taco Bell Corp. California*, N.D. Ohio Case No. 3:22-cv-2319 (summarily dismissed on January 12, 2023 because it lacked merit).
>>
>> 2. *Johnson v. City of Upper Sandusky*, N.D. Ohio Case No. 3:22-cv-2320 (summarily dismissed on January 23, 2023 because it lacked merit)
>
> Plaintiff has appealed these dismissals. *See* Sixth Circuit Appeal Nos. 23-3119 and 23-3134. Under § 1915(g), appeals may also generate strikes.
>
> The Court is also aware of the case of *Johnson v. ODRC Annette Chambers-Smith, Dir.,* S.D. Ohio Case No. 2:22-cv-4179. A Magistrate Judge of this Court

---

[6] This footnote said:

Some other cases filed by Plaintiff do not appear to qualify as strikes at this time. *See, e.g.*:

• *Johnson v. Chambers-Smith*, S.D. Ohio Case No. 3:23-cv-187 *(the case in which this matter was originally filed; transferred* from this Court's Dayton to Cincinnati location of court)
• *Johnson v. Taco Bell Corp. California*, S.D. Ohio Case No. 2:22-cv-4377 (transferred from this Court to the Northern District of Ohio)
• *Johnson v. City of Upper Sandusky*, S.D. Ohio Case No. 2:22-cv-4408 (transferred from this Court to the Northern District of Ohio)
• *Johnson v. Warden, Lebanon Corr. Inst.*, S.D. Ohio Case No. 3:23-cv-109 (habeas corpus action; transferred from this Court to the Northern District of Ohio)
• *Johnson v. Warden, Lebanon Corr. Inst.*, N.D. Ohio Case No. 3:23-cv-1103 (habeas corpus action; pending)
• *Johnson v. City of Toledo*, N.D. Ohio Case No. 3:20-cv-497 (civil rights case; pending)
• *Johnson v. Management Training Corp.*, N.D. Ohio Case No. 3:22-cv-1482 (dismissed because Plaintiff sent fentanyl to the District Court)

(*See* ECF No. 3 in Case No. 1:23-cv-432).

> has recommended that the case be dismissed in its entirety and be treated as a "strike" under the PLRA. (*See* Doc. 20 in Case No. 2:22-cv-4179). The case is currently pending.
>
> The Undersigned concludes *at this time* that Plaintiff's Application to proceed *in forma pauperis* in this case need not be denied because of three existing "strikes" under the PLRA.

(Order Granting *In Forma Pauperis* Status, ECF No. 3, PageID 33-34, in Case No. 1:23-cv-432, issued July 14, 2023) (emphasis in original).

In the months since that Order, Plaintiff has accumulated additional strikes. He plainly knows about the two most recent dismissals listed above (Strike #3, 4) because he appealed them. Nonetheless, Plaintiff has sought to proceed *in forma pauperis* without disclosing or acknowledging that he has accumulated at least three strikes.

"The literal language of [the three strikes provision] forbids almost all attempts by indigent prisoners to gain access to the federal courts in civil actions if the litigant has, on three prior occasions, had a case dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." *Wilson v. Yaklich*, 148 F.3d 596, 602 (6th Cir. 1998). Here, Plaintiff may not proceed *in forma pauperis* unless he falls within the narrow exception for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). To satisfy the requirement, a plaintiff must allege "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). Past danger or threat is insufficient; "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint

5

is filed." *Vandiver*, 727 F.3d at 585 (quoting *Rittner v. Kinder*, 290 F. App'x. 796, 797 (6th Cir. 2008)).

Plaintiff's Complaint does not allege facts that show that he was under existing danger of serious physical injury when he submitted the Complaint. (ECF No. 1-1). The Complaint is based upon an incident that allegedly occurred at Lebanon Correctional Institution on December 5, 2023. (*Id.*, PageID 24). Plaintiff alleges that another inmate was let out of his cell in order to attack Plaintiff, and Plaintiff defended himself. (*Id.*, PageID 24-25). A correctional officer allegedly "took over the fight" and he and Plaintiff struck each other. (*Id.*, PageID 26-29). Plaintiff was found guilty in an internal RIB proceeding for assaulting the officer, which may affect his chances of being paroled. (*Id.*, PageID 33, 38, 43). The "Disposition of the Rules Infraction Board" that is included with the Complaint describes the events as follows:

> Officer Manns, while conducting duties as the block officer of K-Block, noticed a confrontation in the dayroom between inmates Johnson (798-288) and Porter (780-060). It appeared as if the inmates were about to engage in a fight. In an attempt to defuse and control the situation, Manns immediately responded and attempted to intervene by separating the two inmates and attempting to place them in hand restraints. Inmate Johnson then refused multiple directives from Manns to remove himself from the situation. Inmate Johnson then forcefully moved past Manns and attempted to engage inmate Porter. Manns responded by attempting to physically restrain inmate Johnson, as he now was posing a threat to inmate Porter's safety, as well as everyone nearby. Inmate Johnson then physically shoved Manns off him and squared up with his fist balled up. At this point Manns reacted instinctively in self defense, putting his hands up. Inmate Johnson then attempted to throw a closed fisted strike at Officer Manns. At this point, in fear for his safety, Manns responded instinctively by utilizing closed fisted strikes toward inmate Johnson in self defense. As this [is] taking place, Officer Khan and other officers quickly responded to the incident. They attempted to restrain and placed hand restraints on a combative inmate Johnson, who even at this point was still attempting to assault Manns, as well as physically resisting other responding officers. In response, Manns utilized closed fisted hammer strikes to inmate Johnson's torso area in order to gain compliance. Eventually inmate Johnson complied and was placed in hand restraints. He was escorted to medical for evaluation.

(ECF No. 1, PageID 19). On appeal, the RIB's decision was affirmed:

6

> Video was reviewed for this case. The recording show[s] Johnson and another individual engaged in an altercation, it appears that individual went into Johnson's cell and assaulted him. Johnson then chases the other individual to the hallway and tried to engage him. At this time [an] officer arrived on scene and tried to stop the individuals from fighting. Johnson repeatedly disobeyed and tried to go around the officer to get to the other individual. Johnson would not stop so the officer used force. Johnson then actively tried to fight the officer, throwing several punches at the officer. It was clear that Johnson disobeyed orders and did try to assault or assaulted the officer. There was ample evidence to support the case.

(Legal Services Decision on Appeal, ECF No. 1, PageID 22).

Plaintiff's main argument in his handwritten Complaint appears to be that the RIB Disposition ignored Manns' testimony that Manns threw the first punch or first two punches, which meant that *Plaintiff* was acting in self-defense and Manns assaulted *him*. (ECF No. 1-1, PageID 26, 35 ("This means that I was provoked and I was in Danger of great bodily harm . . ."), 36 ("I did not assault C/O Manns, He assaulted me, threw the first two punches at my face.")). Plaintiff also sues numerous defendants for either their role in the December 2023 incident or its administrative aftermath, including an alleged failure to investigate or overturn the decision of the Rules Infraction Board. (*See id*., PageID 30-45).

These allegations do not satisfy the "imminent danger" exception. Plaintiff describes an incident that occurred months before Plaintiff submitted his Complaint. (ECF No. 1-1, PageID 24, 44). The RIB hearing concerning this incident appears to have occurred on December 26, 2023. (*Id*., PageID 37). There is no discernible allegation that Plaintiff was in imminent danger of serious physical injury in March 2024. In fact, Plaintiff says he was approved for transfer to another institution in February 2024, likely mitigating any danger he perceived from the inmate or officers involved in these events. (*Id*., PageID 43). Thus, while the Complaint arguably asserts that Plaintiff was in danger of serious physical harm on December 5, 2023, it does not allege that he remained in such imminent danger on March 14, 2024, when he submitted his Complaint.

7

(ECF No. 1-1, PageID 44). Plaintiff therefore does not satisfy the narrow exception in 28 U.S.C. § 1915(g) and cannot proceed *in forma pauperis* in this case.

Accordingly, the undersigned **RECOMMENDS** that the Court:

1. **FIND** that Plaintiff has accumulated at least three "strikes" under the PLRA,

2. **FIND** that the Complaint does not allege that Plaintiff is in imminent danger of serious physical harm and does not satisfy the exception in 28 U.S.C. § 1915(g),

3. **DENY** the Applications to proceed *in forma pauperis* (ECF Nos. 1, 9),

4. **ORDER** Plaintiff to pay the filing fee of $405 within thirty days, and

5. **ADVISE** Plaintiff that if he fails to pay the $405 filing fee within thirty days, then this case will be dismissed for failure to prosecute.

The undersigned further **RECOMMENDS** that the Court **WARN** Plaintiff that in the future, his failure to disclose all of his prior dismissals/strikes in an application to proceed *in forma pauperis* may lead to sanctions, including the dismissal of his case with prejudice. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999); *Blacker v. Satterthwaite*, No. 1:08-cv-874, 2011 WL 6338851, at *11 (S.D. Ohio Oct. 14, 2011), *report and recommendation adopted*, 2011 WL 6370054 (S.D. Ohio Dec. 19, 2011); *Martin v. Ohio,* No. 2:22-cv-1654, 2023 WL 386245, at *3 (S.D. Ohio Jan. 25, 2023).

Plaintiff may file Objections to these recommendations, as outlined below. He is reminded that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO RECOMMENDED.**

May 22, 2024                    */s/ Caroline H. Gentry*
                                              CAROLINE H. GENTRY
                                              UNITED STATES MAGISTRATE JUDGE

**Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).