UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALFRED A. JOHNSON, SR., | Case No. 1:24-CV-174 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| OFFICER T. MANNS, et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") filed by the Magistrate Judge on May 23, 2024. (Doc. 11). Proper notice was afforded to the parties, *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); Fed. R. Civ. P. 72(b), and Plaintiff Alfred A. Johnson, Sr. has timely objected, (Doc. 12).

When objections are made to a Magistrate Judge's R&R on a nondispositive matter, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to any factual findings, and the "contrary to law" standard applies to any legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 U.S. Dist. LEXIS 5560, at *15-16 (S.D. Ohio Jan. 14, 2013); *see Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) (observing that legal conclusions must be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent").

Johnson, a pro se litigant current incarcerated at the Ohio State Penitentiary in Youngstown, brings the underlying civil rights claims against corrections officers T. Manns

1

and Habib Khan, Ohio Department of Rehabilitation and Correction Director Annette Chambers-Smith, and Warden Doug Luneke. However, pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g), Johnson is barred from proceeding in forma pauperis ("IFP") unless he shows that he is under imminent danger of serious physical injury. (Doc. 11, PageID 80-81); *see, e.g.*, *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (discussing the imminent danger pleading exception).

Although Johnson asserts that his "case has merit [and] it is not frivolous," (Doc. 12, PageID 88), he fails to put forth "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs.*, 772 F.3d 580, 585 (6th Cir. 2013) (cleaned up). Johnson otherwise also fails to address the Magistrate Judge's legal reasoning or meaningfully challenge the conclusion that he has accrued at least three qualifying dismissals under the PLRA. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (per curiam) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient.").

After reviewing this matter pursuant to Federal Rule of Civil Procedure 72(a), the Court **OVERRULES** Johnson's objection, (Doc. 12), and **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R, (Doc. 11), in full. Accordingly:

1. Johnson's motions for leave to proceed IFP are **DENIED**, as he is subject to the "three strikes" provision of 28 U.S.C. § 1915(g) and fails to make the requisite showing of imminent danger thereunder.

    a. In any currently pending case and any future case which Johnson seeks leave to proceed IFP, he is **DIRECTED** to file a notice with the relevant federal court both disclosing that he has "three strikes" and identifying all prior cases filed in any federal court.

    b. Johnson is **ADVISED** that the Court will dismiss with prejudice any future cases in which he seeks to proceed IFP without identifying previously dismissed cases, *see, e.g.*, *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999), and that he may be subjected to filing restrictions or additional sanctions pursuant to Federal Rule of Civil Procedure 11.

2. As Johnson is not entitled to pay only a partial filing fee under 28 U.S.C. § 1915(b) to continue this litigation, he is **ORDERED** to pay the full filing fee within thirty (30) days of the date of issuance of this order.

    a. Johnson is **ADVISED** that if he fails to timely pay the full filing fee as directed, this case will be dismissed with prejudice.

3. The Court **CERTIFIES** that an appeal of this order would not be taken in good faith and **DENIES** leave to appeal IFP.

**IT IS SO ORDERED.**

                                                     */s/ Michael R. Barrett*
                                                     Michael R. Barrett
                                                     United States District Judge